### ANDREW BLAKE *vs.* MOSES PATTEN & *al.*

In an action by one of the crew of a vessel, against the owner, for his share of the salvage money, paid by the owner of goods saved from a wreck, without any deduction for embezzlement, the owner of the vessel cannot set up in defence, that the plaintiff had embezzled a portion of the goods,

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

The action was for money had and received. The schooner *Warwick*, of which the defendants were owners, and the plaintiff one of the crew, fell in with the wreck of a vessel, having no person on board but the mate, and took from it and put on board the *Warwick* a quantity of goods, and landed them in safety. The defendants received of the owners of the cargo taken from the wreck, as salvage, by compromise, seven hundred and fifty dollars. At the trial of this action, the defendants offered evidence tending to prove, that the plaintiff had embezzled part of the goods taken from the wreck; and the counsel for the defendants requested the Judge to instruct the jury, that if they should find, that the plaintiff had embezzled any part of the goods taken from the wreck and put on board the *Warwick*, they ought to find their verdict for the defendants. The Judge declined to give this instruction, but did instruct them, that if they found the plaintiff had embezzled any part of the goods, to inquire also if the defendants had been injured by it, in having the salvage money thereby diminished, and if so to deduct the amount from any share of the salvage they might find due to the plaintiff, in the hands of the defendants. The defendants' counsel requested the Judge to direct the jury to inquire "if it had been proved, that the plaintiff had embezzled any part of the cargo taken from the wreck and put on board the *Warwick*; and he so directed them." The jury returned their verdict for the plaintiff; and being asked by the Judge, if they found that the plaintiff had embezzled any part of the cargo or fare, the foreman

answered that they did not — that there was no evidence of it. At a subsequent day of the term, at the request of the defendants' counsel, the foreman was again inquired of, " and he is believed to have stated, that the jury did not consider, that they were directed to inquire about any part of the cargo except what was taken as such and put on board the *Warwick* by her crew, and not whether the plaintiff might not have taken or concealed any other part of it." The defendants filed exceptions.

*W. Abbott,* for the defendants, contended, that the instruction requested, ought to have been given, because that the embezzlement of any part of the goods destroys all claim to salvage. *Schooner Boston,* 1 *Sumner,* 328; 6 *Wheat.* 152; 2 *Cranch,* 240. The reason is the same, as if the question was between those claiming salvage, and the owners of the goods.

*C. J. Abbott,* for the plaintiff, contended, that the question whether the plaintiff had, or had not, embezzled the goods was wholly irrelevant. The owners of the goods voluntarily paid this money for salvage, and the plaintiff is entitled to his share, and these defendants cannot set up any such defence. But the jury, at the request of the defendants, have settled the question, and found, that there was no embezzlement by the plaintiff. What was said afterwards by the foreman showed, that the answer to the inquiry covered the whole request made by the defendants. But the inquiry was illegal, and had the answer been otherwise, it would not affect the case. When the jury have once separated, no further inquiry can be made. *Little* v. *Larrabee,* 2 *Greenl.* 37.

*Pond,* on the same side, cited *Freeman* v. *Walker,* 6 *Greenl.* 68.

The opinion of the Court, after a continuance, was drawn up by

WESTON C. J. — The party injured by the alleged embezzlement, has started no objection to the right of salvage, but has actually paid the sum, which the parties in interest agreed to accept; and as the jury have found, without any diminution, on account of any supposed misconduct in the plaintiff. We think then, that the defendants must be held to have received his portion of the salvage in trust for him, and for his use. Upon these facts, we cannot dis-

cern the equity of the defence now set up. The question of salvage has been settled and liquidated, without deduction. It does not appear to us, that the defendants have any just right to open it, in order to secure to themselves a greater interest in the proceeds, at the plaintiff's expense.

We have besides great doubts, whether the facts, upon which the defence is placed, have not been negatived by the jury. The instructions of the Judge, and the answer of the jury, when their verdict was returned, are stated in very intelligible language; and it would be of dangerous tendency, to suffer the facts to be disturbed, by the avowed misapprehension of a juror, some days after the verdict was affirmed.

*Exceptions overruled.*